4.

IN THE CIRCUIT COURT OF SHELBY COUNTY TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

FILED
OCT 27 2021
CIRCUIT COURT CLERK
D.

**JOY BRENT,**

           **Plaintiff,**

**v.**

**VARIETY WHOLESALERS, INC.**
**d/b/a ROSES STORE**

           **Defendants.**

NO. CT- **4350-21**
DIV. **VII**
**JURY DEMANDED**

---

## COMPLAINT FOR DAMAGES

---

COMES NOW the Plaintiff, Joy Brent, by and through her counsel of record, and files her Complaint for Damages against Variety Wholesalers, Inc., d/b/a/ Roses Store and for cause of action would show this Honorable Court the following:

### PARTIES

1.     Joy Brent is an adult citizen of Memphis, Shelby County, Tennessee. Plaintiff at all pertinent times was a patron on the property of the Defendants, located at 1833 S. Third Street, Memphis, Tennessee 38109.

2.     Upon information and belief, Variety Wholesalers, Inc. d/b/a Roses Store is a corporation authorized to do business in Memphis, Shelby County, Tennessee and at all pertinent times owned the subject property located at 1833 S. Third Street, Memphis, Tennessee 38109 and may be served through its registered agent located at Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203.

### JURISDICTION AND VENUE

3.     This is a Complaint for personal injuries and damages over which this Court has original jurisdiction pursuant to T.C.A. § 16-10-101.

**EXHIBIT**

A

4.    Venue is proper in this Court pursuant to T.C.A § 20-4-101 in that the events giving rise to the cause of action occurred in Shelby County, Tennessee.

## CAUSE OF ACTION

5.    Roses Store located at 1833 S. Third Street, Memphis, Tennessee 38109, was at all pertinent times herein owned and operated by Defendants.

6.    On or about February 10, 2021, Joy Brent (hereafter "Ms. Brent" or "Plaintiff") was a customer at the Roses Store, located at 1833 S. Third Street, Memphis, Tennessee 38109 when she tripped over a misplaced rug.

7.    As a result of the fall, Ms. Brent suffered personal injuries resulting in medical bills and pain and suffering.

8.    Defendant owed an affirmative duty of care to Plaintiff to protect her from unreasonable harm or peril.

9.    The incident and Plaintiff's condition resulting from the following acts of negligence on the part of the Defendants, are the proximate cause of Plaintiff's injuries:

(a)    Defendant negligently failed to display signs of warning of the dangerous condition of the floor;

(b)    Defendant obstructed the floor with a misplaced rug;

(c)    Defendant failed to maintain a safe customer area, and

(d)    Defendant failed to verbally notify customers of the dangerous condition of the floor prior to Plaintiff's fall.

10.    By reason of the aforementioned injuries sustained and suffered by Plaintiff, and in an effort to heal, cure, treat, and attempt to relieve the same, Plaintiff has been, and in the future, will be, obligated and compelled to incur and pay out considerable sums of money for services for hospitals, physicians, nurses, drugs, and x-rays.

11.    Defendant's agents and/or employees were aware of the obstruction of the floor or should have been aware of the obstruction of the floor.

12.     Defendant's agents and/or employees knew or should have known that the misplaced rug on the floor would result in a dangerous condition.

13.     Upon information and belief, Defendant created the dangerous condition.

14.     Defendant breached a duty to Plaintiff by failing to remove or warn against the dangerous condition of which it was aware or should have been aware, thereby proximately and directly causing the injuries which Plaintiff sustained.

## DAMAGES

15.     As a result of the negligent conduct of the Defendant, Ms. Brent was rendered sick, sore, lame and disabled and suffered the following injuries and damages:

(a)     Severe and permanent injury, either caused, precipitated and/or aggravated by the wrongs complained of, including but not limited to injury to her shoulder, head, and knee;

(b)     physical pain both past and future;

(c)     mental and emotional anguish both past and future;

(d)     medical expenses both past and future;

(e)     inability to enjoy the normal pleasures of life, both past and future;

(f)     conscious pain and suffering;

(g)     Necessary medical treatment promulgated by **City of Memphis EMS**, of which Plaintiff relies on the presumption of reasonableness pursuant to T.C.A. Section 24-5-113(b) for his medical bill, attached hereto, totaling of **$1,026.50**;

(h)     Necessary medical treatment promulgated by **Methodist University Hospital**, of which Plaintiff relies on the presumption of reasonableness pursuant to T.C.A. Section 24-5-113(b) for his medical bill, attached hereto, totaling of **$7,227.00**;

(i)     Necessary medical treatment promulgated by **Memphis Radiological**, of which Plaintiff relies on the presumption of reasonableness pursuant to T.C.A. Section 24-5-113(b) for his medical bill, attached hereto, totaling of **$501.00**; and

(j)     Necessary medical treatment promulgated by **Sound Physicians**, of which Plaintiff relies on the presumption of reasonableness pursuant to T.C.A.

3

Section 24-5-113(b) for his medical bill, attached hereto, totaling of **$1,196.00**.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays as follows:

16.    That process issue and be served upon the Defendant, requiring them to answer this Complaint within the time allowed by law.

17.    That upon trial of this cause, the Plaintiff, Tina Adams, have and recover a judgment against the Defendant for compensatory damages in the amount to TWO HUNDRED AND FIFTY THOUSAND DOLLARS ($250,000.00).

18.    That the Plaintiff be awarded the costs of this proceeding.

19.    For such other further and general relief to which the Plaintiff may be entitled.

**PLAINTIFF PRAYS FOR TRIAL BY JURY.**

Respectfully submitted,

The Gold Law Firm

David A. Gold (19088)
*Attorney for Plaintiff*
25 Dr. M L King Jr. Ave. Suite 203
Memphis, TN 38103
Ph: 901-244-5003
Fx: 901-328-1502
dgold@dgoldlaw.com

4

**IN THE CIRCUIT COURT FOR SHELBY COUNTY, TENNESSEE**

FILED
OCT 27 2021
CIRCUIT COURT CLERK
BY_____ D.C

Joy Brent _____ )
_____ )
_____Plaintiff,_____ )
Vs. )
Variety Wholesalers, Inc. d/b/a Roses Store )
_____ )
_____Defendant._____ )

No. CT-4350-21

## COST BOND

I/We, Joy Brent _____ as Principal(s), and
David A. Gold _____. as Surety are held and firmly bound unto
the Circuit Court Clerk of Shelby County, Tennessee for the payment of $500.00
Surety costs against the principal(s). To that end, we bind ourselves, our heirs,
executors and administrators.

The Principal(s) is/are commencing legal proceedings in the Circuit Court
for Shelby County, Tennessee. If the Principal(s) shall pay(s) $500.00 costs,
which are adjudged against them, then this obligation is void. If the Principal(s)
fail(s) to pay, then the surety shall undertake to pay $500.00 costs adjudged
against the Principal(s) mandated at Tennessee Code Annotated § 20-12-120 et
seq.

### PRINCIPAL(S)

Joy Brent _____
Principal
Social Security #  xxx-xx-0056
606 Ledbetter Ave.
Street Address
Memphis, TN 38109
City, ST, Zip

Employer

Employer's Street Address

City, ST, Zip
Surety

Principal
Social Security # _____

Street Address

City, TN, Zip

Employer

Employer's Street Address

City, ST, Zip

Surety

### SURETY

David A. Gold
Surety

Signature

25 Dr. Martin Luther King Jr. Ave.
Street Address

Memphis, TN 38103
City, ST, Zip

IN THE CIRCUIT COURT OF SHELBY COUNTY TENNESSEE
FOR THE THIRTIENTH JUDICIAL DISTRICT AT MEMPHIS

JOY BRENT,

        Plaintiff,

v.                                                                  NO. CT- 4350-21
                                                                    DIV. VIII
VARIETY WHOLESALERS, INC.                                           JURY DEMANDED
d/b/a ROSES STORE

        Defendants.

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT VARIETY WHOLESALERS, INC. d/b/a ROSES STORE

**COMES NOW**, Plaintiff, Janice Salsberry, pursuant to *Tennessee Rules of Civil Procedure* 26, 33 and 34, and propounds the following Interrogatories and Requests for Production of Documents to the Defendant, Variety Wholesalers, Inc. d/b/a Roses Store.

Under the terms of Tennessee Rules of Procedure 33, the answers to such interrogatories shall be answered separately, and fully, in writing and under oath. The time specified for the filing of such answers to these interrogatories and requests for production of documents is no later than the first business day after the expiration of 30 days from the date of receipt of these interrogatories. You are reminded that your written response to each Request for Production shall state, with respect to each category of items, that inspection and other requested action will be permitted as requested, except to the extent that you object in writing to particular items or categories. Your written responses and/or objections shall be served on counsel for Plaintiff within the time prescribed by the Tennessee Rules of Civil Procedure. You are requested to produce all documents or items subject to this Request for Production at Plaintiff's attorney's office located at 25 Dr. ML King Jr. Ave., Memphis, Tennessee 38103 after thirty (30) days of service of same.

### DEFINITIONS AND INSTRUCTIONS

1.      As used herein, the terms "you," "your," or "yourself" refer to *[name of defendant]*, each of Plaintiff's agents, representatives and attorneys, and each person acting or purporting to act on Defendant's behalf.

2.      As used herein, the term "person" shall include natural persons, firms, partnerships,

associations, joint ventures, corporations, agencies, boards, authorities, commissions, governmental entities, and any other form of legal or informal entity.

   3.  "And" as well as "or" as used herein shall be read and applied as though interchangeable and shall be construed either disjunctively or conjunctively so as to require the fullest and most complete disclosure of all requested information.

   4.  The term "Document" shall be defined as the original, and if the original is unavailable, any copy of any tangible thing or subject matter having any informational content whatsoever, which is now in the actual or constructive possession, custody, or control of you, your attorneys or your representatives of any type whatsoever. Without limiting the generality of the foregoing, and for the purpose of illustration only, the term "Document" shall include, but not be limited to, the following:

   a)  Handwritten, printed, typewritten, computer generated, recorded, graphic or photographic material of any kind or character; and

   b)  Any and all tapes, disks, and nonduplicate copies and transcripts thereof; and

   c)  Any and all memoranda, books, records, filings, reports, notes, desk calendars, diaries, telegrams, transcripts, cables, telex transcriptions, correspondence, graphs, charts, letters, lists, minutes, agenda, computer print-outs, data compilations, drafts, contracts, agreements, notations of conversations or conferences, inter-office and intra-office communications, bulletins, circulars, pamphlets, studies, notices, summaries, teletype messages, drawings, tables, financial statements and records, accounting statements and records, invoices, worksheets, ledgers, vouchers, receipts and all other writings of any and every description; and

   d)  Any and all photographs, movies, tapes, electromagnetic audio or video recordings, laser disks, microfilms, microfiche, computer cards, computer tapes, computer disks or diskettes, computer programs, sound records, and any and all other records of any and every description; and

   e)  Any and all drafts or copies of any of the objects defined as documents in parts (a)-(d) above, which are not identical to the original of such document.

   5.  When an interrogatory requires you to "state the basis of" a particular claim, contention, or allegation, state in your answer all facts that you think support, refer to, or evidence such claim, contention or allegation and the identity of each and every communication and each and every legal theory that you think supports, refers to, or evidences such claim, contention, or allegation.

   6.  As used herein, "Identify" or "Identification" shall mean:

   a)  When used in reference to a person, such terms shall call for his or her full name,

present or last-known address, telephone number, present or last place of employment and relationship to you and the events relative to this litigation.

b)      When used in reference to a document, such terms shall call for its date, its author, the person to whom it was directed (if applicable), the type of document (e.g. letter, memorandum, telegram, chart, etc.), the heading or title of the document (if applicable), its present location, each of its present custodians and a detailed summary of its contents.

c)      If any Interrogatory requests identification of a document and such document was, but is no longer, in the possession or subject to the control of you, state whether it (a) is missing or lost, (b) has been destroyed, (c) has been transferred to others, or (d) has been otherwise disposed of, and in each such instance, explain the circumstances surrounding such disposition and any authorization for disposition and the date or approximate date thereof.

7.      In lieu of a summary of the contents of any document as required by these instructions, you may furnish simultaneously with the filing of answers to these Interrogatories, such document for inspection and copying; and, in the event you choose to produce the document in lieu of summarizing its contents, your answer to the Interrogatories should state with particularity the document being produced and such document should accompany the answer. When producing the actual document in lieu of a summary of it, you admit the authenticity of the document produced.

8.      The singular and plural of words shall be interpreted either in the singular or plural to bring within the scope of these Interrogatories any information that might otherwise be construed to be outside the scope of these Interrogatories and shall not be interpreted so as to exclude any information otherwise within the scope of any one or more of these Interrogatories.

9.      As used herein, the present shall always include the past tense.

10.     If privilege is claimed as a ground for not answering any Interrogatory or if any Interrogatory is otherwise objected to, describe the legal and factual basis for the claim of privilege or other objection.

11.     These Interrogatories are continuing in nature, and supplemental answers should be supplied in the event that additional or different information becomes available. Supplemental answers are to be filed and served pursuant to Tenn. R. Civ. P. 26.05. Further, should you fail to amend or supplement your answers, these parties will ask the Court to exclude evidence that you or your attorney might wish to offer relating to such matter. If you refuse to answer any of these interrogatories or requests, in whole or in part, please describe the information withheld on the basis for your refusal to

provide that information, including any claim of privilege or work product, in sufficient detail (including a privilege log, if applicable) so as to permit the Court to adjudicate the validity of your claim. If you object to an interrogatory and are able to answer a portion of the interrogatory to which you do not object, please provide all information responsive to the portion of the question that you can answer. If you object to an interrogatory on the basis that it is too broad, provide such information that you concede is relevant.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:** Please identify each person supplying information used to prepare the Answers to these Interrogatories, and as to each person so identified, provide their full name, place of residence (this does not have to include a specific street address), employer's name and business address, and the title you hold with the named Defendant or the capacity in which you are associated with the named Defendant.

**ANSWER:**

**INTERROGATORY NO. 2:** Identify each person, known to you or the Defendant, its employees, its agents, its attorney, or its insurance company, who allegedly heard, saw, or claims to have done so, or claims to have any information or knowledge concerning any of the matters set forth in any of the pleadings filed in this lawsuit. **[Please take notice that the Plaintiff will object to the introduction of any testimony from any person testifying on the Defendant's behalf who is not identified in the answer to this interrogatory.]**

**ANSWER:**

**INTERROGATORY NO. 3:** For each person(s) identified in answer to the foregoing interrogatory, describe in detail the facts that person(s) has or claims to have concerning this case.

**ANSWER:**

**INTERROGATORY NO. 4:** Describe in detail the acts and events which took place on February 10, 2021, before, during, and after Plaintiff's fall. Include in your answer the identity of those individuals who were present, how the fall occurred, who and/or what caused the fall, and what steps were taken after the fall to investigate its cause. If there is more than one version, describe each separately and its source.

**ANSWER:**

**INTERROGATORY NO. 5:** Does Defendant contend that Plaintiff in any way caused or contributed to the alleged incident or in any way assumed the risk of her injuries? If so, state the facts upon which each contention is based.

**ANSWER:**

**INTERROGATORY NO. 6:** Please provide the full name, current and/or last known address and current and/or last known telephone number and current or last known employer; job title, dates of employment and work telephone number of the employees who were working at the subject property on February 10, 2021. Please state which ones were on duty at the time of Plaintiff's fall and had duties and/or responsibilities near the area of Plaintiff's fall.

**ANSWER:**

**INTERROGATORY NO. 7:** Identify each person who was in a position of management over the area where Plaintiff fell on February 10, 2021. Include in your response the specific title of each individual and an indication of who specifically would have been in charge of managing or maintaining the area where Plaintiff fell. If a person is no longer employed, please state that person's current or last known phone number and address and last date of employment.

**ANSWER:**

**INTERROGATORY NO. 8:** State in detail all actions the Defendant took or attempted to take to prevent the subject incident from happening.

**ANSWER:**

**INTERROGATORY NO. 9:** Describe in detail the condition (at the time of Plaintiff's fall) of the area where Plaintiff fell on February 10, 2021, including, but not limited to, a description of the nearby mat(s), trash can(s), type of material and condition of the floor, etc., at or near the proximity of Plaintiff's fall and the applicable markings and/or warnings, if any, regarding the area in question that were utilized on February 10, 2021.

**ANSWER:**

**INTERROGATORY NO. 10:** Describe in detail the policies and procedures in place for inspecting and cleaning the floor at the time of Plaintiff's fall on February 10, 2021, including, but not limited to a description of the appropriate times for inspecting the area, protocol for cleaning the area, maintaining the area, when items or substances are found on the floor in the area, and emptying of the trash can(s) at or near the proximity of Plaintiff's fall and the applicable markings and/or warnings, if any, regarding the area in question that were to be utilized on February 10, 2021.

**ANSWER:**

**INTERROGATORY NO. 11:** Describe in detail all investigation performed by Defendant, or anyone acting on behalf, into Plaintiff's personal injury claim, which occurred on February 10, 2021, including but not limited to:

a)     The name, address and telephone number of each person who had responsibility for each such investigation;

b)     The dates and locations of any such investigations, and the names, addresses and telephone numbers of all persons contacted; and

c)     The name, address and telephone number of each person who prepared and/or filed any such reports, including but not limited to any incident report.

**ANSWER:**

**INTERROGATORY NO. 12:** Identify all the persons whom the Plaintiff will or may call as expert witness to give opinion testimony at the trial of this case and for each person identified, please:

a)     Identify the person's employer or organization with which he is associated in any professional capacity;

b)     State the field in which is to be offered as an expert;

c)     Summarize the expert's qualifications within the field in which he is to testify;

d)     State the substance of the facts to which he is to testify;

e)     State the substance of the opinion or opinions to which he is expected to testify and a summary of the grounds for each opinion;

f)     Identify all documents and describe all objects used by such person in connection with the preparation of his opinion in this case: and

g)     Identify all documents (as that term as defined herein) written by such person which relate to the formation or preparation of his opinion.

**ANSWER:**

**INTERROGATORY NO. 13:** Identify each and every comment made by either Plaintiff to Defendant or any agent, employee or representative of Defendant, or vice-versa concerning Plaintiff, the cause of Plaintiff's fall, or her subsequent injuries, at Defendant's store.

**ANSWER:**

**INTERROGATORY NO. 14:** Identify the name, address and telephone number of any other person who has reported slipping and/or falling and/or tripping in Defendant's premises for the past five (5) years.

**ANSWER:**

**INTERROGATORY NO. 15:** Please give a complete description of any recollection of any employee, agent, or representative for Defendant working and/or there in a non-

employee relationship, as well as any independent customers who were present at the subject premises on February 10, 2021, at the time of Plaintiff's fall, and provide the following:

a)      Their version of how Plaintiff fell;

b)      Name and job title and, if not employed, name, address and telephone number and their relationship to Defendant, if any;

c)      Substance of any statements, written, verbal, recorded or otherwise, of each individual identified; and

d)      Present custodian of any such statements, whether written, verbal, recorded or otherwise.

**ANSWER:**

**INTERROGATORY NO. 16:** If you claim that Plaintiff or anyone with or on behalf of Plaintiff made any representation, gave any statement, reported any admission of liability or responsibility, or made any other statement whatsoever to Defendant, Defendant's agent, Defendant's attorney or representative, or to any third-party, then with respect to each, please describe (a) the date, time, and place the representation, statement, or report was made; (b) the identity of all persons present when it was made and the person to whom it was made; (c) the substance of each such representation, statement, or report; (d) whether it was recorded, written, or whether notes were made to refresh someone's recollection, and if so, the present location of each such recording, writing, or notes.

**ANSWER:**

**INTERROGATORY NO. 17:** Describe what efforts Defendant or its employees or agents took to assure a safe walking area, inspect the walking area where fell, and/or discover dangerous conditions at the location where Plaintiff fell prior to the fall as described in the complaint. Please indicate in your answer the identity of the individual(s) performing such tasks and as closely as possible the time when Defendant or its employees or agents took such measures. Include in your answer not only daily or periodic inspections but also any safety surveys, inspections, evaluations, and/or code compliance surveys, as well as any improvements performed in the area other than the initial construction of the location.

**ANSWER:**

**INTERROGATORY NO. 18:** Identify all communications between Defendant, its agents, or its employees and any other person or entity concerning the location where Plaintiff fell prior to the fall as described in the complaint.

**ANSWER:**

-7-

**INTERROGATORY NO. 19**: State whether or not the location where Plaintiff fell was monitored by any surveillance and/or video camera. If so, identify the type of surveillance and state whether any record was made of Plaintiff's fall, and if so where does such record exist or what has happened to the record.

**ANSWER:**

**INTERROGATORY NO. 20**: Identify any person(s) who has possession or knowledge of any photographs, estimates, reports, statements, documents, drawings, letter(s), or any other tangible evidence which in any way relates or pertains to this litigation, whether or not you intend to use the same. As a part of your identification describe what item each person so identified has or may have in that person's possession.

**ANSWER:**

**INTERROGATORY NO. 21**: Identify each person, who is not already identified, likely to have discoverable information about the claims and defenses in this case, even if you do not intend on calling that person as a witness.

**ANSWER:**

**INTERROGATORY NO. 22**: Please list and describe in detail each and every document item or thing which supports any defense upon which you intend to rely at the trial of this matter.

**ANSWER:**

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1**: Any pictorially preserved image, video tapes, slides, motion pictures, and audio recording, whether physical or electronic, of any person, place, or thing which relates to the matters set forth in any of the pleadings filed in this matter.

**RESPONSE:**

**REQUEST NO. 2**: All documents relied upon or identified in answering Plaintiff's First Set of Interrogatories.

**RESPONSE:**

**REQUEST NO. 3**: All photographs, estimates, reports, statements, documents, drawings, letter(s), or any other tangible evidence which in any way relates or pertains to this litigation, whether or not you intend to use the same.

**RESPONSE:**

**REQUEST NO. 4**: All statements, recordings, transcripts, or reports taken of or secured from any person regarding this claim.

**RESPONSE:**

**REQUEST NO. 5:** All video or photographs depicting Plaintiff or the area where Plaintiff fell.

**RESPONSE:**

**REQUEST NO. 6:** All demonstrative evidence you intend to use at trial.

**RESPONSE:**

**REQUEST NO. 7:** All communications which you, your agent, or attorney, have had with any person(s) or entities, including any insurance company, their agents, employees, or attorneys, regarding any of the matters contained in any of the pleadings filed in this lawsuit.

**RESPONSE:**

**REQUEST NO. 8:** All documents with information from any database or information source or center concerning Plaintiff. This request includes criminal background checks, prior claim history, ISO reports, credit reports, and similar data and information.

**RESPONSE:**

**REQUEST NO. 9:** All surveillance videos, photographs, logs, reports, and other information related to any surveillance of Plaintiff.

**RESPONSE:**

**REQUEST NO. 10:** All accident or incident reports and investigations prepared as a result of Plaintiff's fall as described in the complaint.

**RESPONSE:**

**REQUEST NO. 11:** Any and all documents or written memoranda which reference Plaintiff, Plaintiff's fall, injury or complaint on February 10, 2021, including, but not limited to, correspondence, internal memoranda, e-mails, telephone records, and incident reports.

**RESPONSE:**

**REQUEST NO. 12:** If you, your attorney, or anyone acting on your behalf has obtained a statement(s) in any form from any person(s) regarding any of the matters set forth in any of the pleadings in this case, then please produce a copy of each statement.

**RESPONSE:**

**REQUEST NO. 13:** If any party or anyone on behalf of any party made any representation, gave any statement, reported any admission, or made any other statement whatsoever to you, your agent, your attorney or representative, or to any third-party, then please produce a copy of each statement.

**RESPONSE:**

**REQUEST NO. 14:** If any party or anyone on behalf of any party made any *representation, gave any statement, reported any admission, or made any other statement* whatsoever to you, your agent, your attorney or representative, or to any third-party, then with respect to each, please produce any document concerning the statement whether or not the document is written, or in the form of notes or otherwise. **[Please note that this request relates to, but is different from, the preceding request.]**

**RESPONSE:**

**REQUEST NO. 15:** Any document, photograph, witness statement, federal act, state statute, local ordinance, or regulation of any agency, any written standard, or any other document or thing whatsoever which may corroborate or tend to support any part of Plaintiff's claim or your defense to this action.

**RESPONSE:**

**REQUEST NO. 16:** Any document, photograph, witness statement, federal act, state statute, local ordinance, or regulation of any agency, any written standard, or any other document or thing whatsoever which may corroborate or tend to support any part of any other party's claim or defense to this action.

**RESPONSE:**

**REQUEST NO. 17:** Copies of time records from 6:00 a.m. on February 10, 2021 through 6:00 a.m. on February 11, 2021, for employees who were present and/or working at the subject premises.

**RESPONSE:**

**REQUEST NO. 18:** A copy of the employment record of each employee whose time records are produced pursuant to the foregoing request.

**RESPONSE:**

**REQUEST NO. 19:** Copies of any janitorial logs, daily or periodic inspections, site reviews, safety surveys, inspections, evaluations, and code compliance surveys for the area where Plaintiff fell for the five (5) days prior to and following the fall, including the day of the fall.

**RESPONSE:**

**REQUEST NO. 20:** Copies of any complaints made by any person regarding cleanliness of store for a period of one year prior to the fall.

**RESPONSE:**

**REQUEST NO. 21**: Copies of all written policies and/or procedures related to premises safety, including, but not limited to, any employee manuals, memos, computers/electronic information and/or data, posters, and signs.

**RESPONSE**:

**REQUEST NO. 22**: Any policies, procedures, guidelines or manuals describing care and maintenance of the premises for the last five (5) years.

**RESPONSE**:

**REQUEST NO. 23**: Any records, in written or recorded form, regarding prior injuries on the premises for the past five (5) years.

**RESPONSE**:

**REQUEST NO. 24**: Any notices, findings, or judgments from any building inspector, zoning official, regulatory agency, or court with respect to any violation, defect, hazard, or nuisance at the premises for the last five (5) years.

**RESPONSE**:

**REQUEST NO. 25**: By way of request for production of documents, please furnish a copy of each document relating to in any shape or form regarding any actions taken or directed to be taken by Defendant or agents of Defendant in response to the incident given rise to the instant litigation.

**RESPONSE**:

**REQUEST NO. 26**: Photographs of any notices, signs or warnings posted on the premises in the vicinity of the fall on the date of the alleged incident.

**RESPONSE**:

**REQUEST NO. 27**: All documents, not already produced which relate in any way to any matter contained in any pleading filed in this case.

**RESPONSE**:

**REQUEST NO. 28**: All reports or statements of any expert retained, consulted or contacted which relate to Plaintiff or Plaintiff's personal injury claim.

**RESPONSE**:

Respectfully submitted,

THE GOLD LAW FIRM

David A. Gold (19088)
*Attorney for the Plaintiff*
25 Dr. ML King Jr. Ave.
Memphis, TN 38103
Ph: 901-244-5003
Fx: 901-328-1502
dgold@dgoldlaw.com

## CERTIFICATE OF SERVICE

I, David A. Gold, do hereby certify that an exact and true copy of the foregoing document was forwarded for service along with a copy of the Complaint in this matter on this the 26th day of October, 2021.

David A. Gold

(CIRCUIT/CHANCERY) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**SUMMONS IN CIVIL ACTION**

Docket No. CT-4350-21

☑ Lawsuit
☐ Divorce

Ad Damnum $ 250,000.00

Joy Brent

Plaintiff(s)

VS

Variety Wholesalers, Inc. d/b/a Roses Store

FILED
NOV 12 2021
CIRCUIT COURT CLERK
BY _____ D.C.

Defendant(s)

TO: (Name and Address of Defendant (One defendant per summons))

Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203

Method of Service:
☐ Certified Mail
☐ Shelby County Sheriff
☐ Commissioner of Insurance ($)
☐ Secretary of State ($)
☑ Other TN County Sheriff ($)
☐ Private Process Server
☐ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on David A. Gold                    Plaintiff's

attorney, whose address is 25 Dr. MLK Jr. Ave. Memphis, TN 38103 .

telephone 901-244-5003          within THIRTY (30) DAYS after this summons has been served upon you, not including the day
of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED 10/27/2021          By _____, D.C.

TO THE DEFENDANT:

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless
it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain
items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and
your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these
items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek
the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

Out-Of-County
Rec'd Date _____

I, TEMIIKA D. GIPSON / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master    By: _____, D.C.

### RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN  SUMMONS:

By delivering on the _____ day of _____ *NOV - 8 2021* _____, 20 ____ at *9:00 A.M.* a copy  of the summons

and a copy of the Complaint to the following Defendant _____**Served**_____

Corporation Service Company

at *2908 PSON AVE  NASHVILLE TN 3728B*

_____    By: _____

Signature of person accepting service                    Sheriff or other authorized person to serve process

### RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE  NOT** SERVED THE WITHIN  SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20 _____.

By: _____

Sheriff or other authorized person to serve process

ELECTRONICALLY FILED
2021 Nov 29 12:04 PM
CLERK OF COURT

## IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

86.7178

---

**JOY BRENT,**

   **PLAINTIFF**

**vs.**                                         **No. CT-4350-21  Div. VII**

**VARIETY WHOLESALERS, INC.,**
**d/b/a ROSES STORE,**

   **DEFENDANT**

---

### NOTICE OF APPEARANCE

---

The law office of McNabb, Bragorgos, Burgess & Sorin, PLLC, specifically Pam Warnock Blair, hereby makes an appearance in this cause as to the Defendant, Variety Wholesalers, Inc., d/b/a Roses Store.

                    Respectfully submitted,

                    **McNABB, BRAGORGOS,**
                    **BURGESS & SORIN, PLLC**

By: _____
                    Pam Warnock Blair, #10407
                    *Attorney for Defendant*
                    81 Monroe Avenue, Sixth Floor
                    Memphis, Tennessee 38103
                    (901) 624-0640
                    pblair@mbbslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been provided to, via electronic and/or U. S. Mail, postage pre-paid, to the following:

David A. Gold, Esq.
25 Dr. Martin Luther King, Jr. Avenue
Memphis, Tennessee 38103

this 29th day of November 2021.

_____
Pam Warnock Blair

2